UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2009 OCT -1 AM 10: 14

| | | |
|---|---|---|
| **ROBERT KICINSKI,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 2 09 C V 321 |
| | ) | |
| **ALVERNO CLINICAL LABORATORIES,** | ) | |
| **LLC,** | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Robert Kicinski, by counsel, Hugo E. Martz and Andrew Lucas, and for his Complaint against Defendant, Alverno Clinical Laboratories, LLC, alleges as follows:

### NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") to redress unlawful disability-based employment practices and to make the Plaintiff, Robert Kicinski, whole. Defendant, Alverno Clinical Laboratories, LLC (Alverno) discharged the Plaintiff, Robert Kicinski, a qualified individual with the disability of hearing loss, from his position as a phlebotomist at the Alverno Lab facility located at St. Anthony Hospital in Michigan City, Indiana, because of his disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper under 28 U.S.C. 451, 1331, 1337 and 1343. This action is instituted under Section 12,117(a) of the ADA, 42 U.S.C. 12,117–incorporating by reference Sections 706(f)(1),(3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1),(3). Venue is proper in this district under 28 U.S.C. 1391, 2000e-5(F)(3).

2. The alleged unlawful employment practices took place in the Northern District of Indiana.

### PARTIES

3. Plaintiff, Robert Kicinski, is an individual with a disability in that Plaintiff has the physical impairment of hearing loss that substantially limits the major life activity of hearing, understanding, and communicating with people around him.

1

4. Plaintiff, Robert Kicinski, is an otherwise qualified individual with a disability in that Plaintiff was able to perform all of the essential functions of the job of phlebotomist with or without reasonable accommodations.

5. Plaintiff, Robert Kicinski, was employed by defendant, Alverno Clinical Laboratories, LLC, from February 21, 2001 to September 12, 2008, when he was terminated.

6. Plaintiff, Robert Kicinski, is expressly authorized under Section 12,117(a) of the ADA, 42 U.S.C. 12, 117–incorporating by reference Sections 706(f)(1), (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1), (3)-to bring this action.

7. At all relevant times, Defendant, Alverno Clinical Laboratories, LLC, has been a limited liability company doing business in the State of Indiana, and at all relevant times defendant, Alverno Clinical Laboratories, LLC has had at least 15 employees.

8. At all relevant times, Defendant, Alverno Clinical Laboratories, LLC, has been engaged in an industry affecting commerce within the meaning of Section 101 (5) of the ADA, 42 U.S.C. 12,111(5).

9. At all relevant times, Defendant, Alverno Clinical Laboratories, LLC, has been a covered entity and employer under Sections 12,111(2) of the ADA, 42 U.S.C. 12,111(2), 12111(5).

STATEMENT OF CLAIMS

10. On November 19, 2008, Plaintiff, Robert Kicinski, filed a charge with the Equal Employment Opportunity Commission alleging violations of Title I of the ADA by Alverno. Plaintiff has exhausted all available administrative remedies prior to the filing of this Complaint, receiving a right to sue letter on July 14, 2009.

11. On the following occasions, Plaintiff requested accommodations for his disability, including but not limited to the following:

    a. On or after October, 2002, Mr. Kicinski informed the Defendant that he would be accessing medical records from home, and at the hospital prior to his assigned work shift. His purpose in doing so was to compensate and accommodate for difficulties he would later encounter at work due to verbal orders given during the day.

    b. On June 1, 2008, Mr. Kicinski requested that his annual employment evaluation be re-considered, taking into account his hearing loss and the issues it raised as to communication skills.

    c. On or about March, 2008 Mr. Kicinski asked a supervisor to address

2

       derogatory comments directed at Mr. Kicinski and related to his disability from co-workers.

    d.    On or immediately after December 2006, Mr. Kicinski asked to use a headset for both the individual phone he carried on his person at work, and the office phones which he was expected to answer.

12. Since at least October, 2002, Defendant, Alverno Clinical Laboratories, LLC, has engaged in unlawful employment practices in violation of Title 1 of the American's with Disabilities Act. These violations include, but are not limited to the following:

    a.    Mr. Kicinski's firing because of his disability and use of an accommodation that had previously been granted to him, specifically his accessing medical records from home. Mr. Kicinski accessed the records in order to compensate for his disability in that he needed to read the information in case he later received oral changes, or new orders.

    b.    The Defendant repeatedly failed to enter into an open dialogue as to reasonable accommodations for Mr. Kicinski. This included, but is not limited to, the Defendant repeatedly reprimanding Mr. Kicinski for poor communication skills, without investigating to what extent these problems were related to Mr. Kicinski's disability, and for failing to reconsider Mr. Kicinski's June, 2008 performance evaluation, taking into consideration Mr. Kicinski's disability.

    c.    The Defendant failed to address derogatory comments made to Mr. Kicinski by co-workers involving his disability which interfered with his ability to perform his job.

    d.    The Defendant removed a phone head set used on the office phones (referred to as a blue tooth in the EEOC report) that Mr. Kicinski relied on as an accommodation and to compensate for his hearing loss.

These violations constitute and include, but are not limited to, denial of accommodation, denial of promotions, denial of employment benefits, and discharge of Plaintiff, Robert Kicinski, an individual with a disability able to do the essential functions of the job with or without reasonable accommodations. These violations took place at the Defendant's facility located at St. Anthony Hospital in Michigan City, Indiana.

13. The effect of the practices complained of above has been to deprive Plaintiff, Robert Kicinski, of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

14. The unlawful employment practices complained of herein were intentional and constituted willful and wanton behavior, malice, and reckless indifference.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Robert Kicinski, respectfully requests that this Court:

A. Grant a permanent injunction enjoining, Defendant, Alverno Clinical Laboratories, LLC, its owners, officers, management personnel, employees, agents, successors, assigns in participation with them, from engaging in any employment practices that discriminate against any employee on the basis of disability;

B. Order Defendant, Alverno Clinical Laboratories, LLC, to institute and carry out policies, practices and programs that provide equal employment opportunities to qualified individuals with disabilities and eradicate the effects of past and present unlawful employment practices;

C. Order Defendant, Alverno Clinical Laboratories, LLC, to make the Plaintiff, Robert Kicinski, whole by providing Robert Kicinski with appropriate lost earnings and insurance premiums, with pre-judgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement of Robert Kicinski to the position he held prior to his termination;

D. Order Defendant, Alverno Clinical Laboratories, LLC, to make Plaintiff, Robert Kicinski, whole by providing compensation of pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial;

E. Order defendant, Alverno Clinical Laboratories, LLC, to remit payment to Plaintiff, Robert Kicinski, for future prospective loss of pay for a period of time following the filing of the Complaint;

F. Order defendant, Alverno Clinical Laboratories, LLC, to make Plaintiff, Robert Kicinski, whole by providing compensation for his future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

G. Order the Defendant, Alverno Clinical Laboratories, LLC, to pay an amount for punitive damages in the maximum amount provided by law.

H. Grant the Plaintiff his fees and costs in this action;

I. Grant such further relief as the Court deems appropriate.

_____
**HUGO E. MARTZ**
Attorney No. 9066-64
**MARTZ, CLYMER & LUCAS**
McMahan Center
Six North Michigan Avenue
Valparaiso, Indiana 46383
Telephone: (219) 462-1529
Attorney for Plaintiff

_____
**ANDREW LUCAS**
Attorney No. 27935-64
**MARTZ, CLYMER & LUCAS**
McMahan Center
Six North Michigan Avenue
Valparaiso, Indiana 46383
Telephone: (219) 462-1529
Attorney for Plaintiff

## JURY DEMAND

**COMES NOW** the Plaintiff, Robert Kicinski, by counsel, Hugo E. Martz and Andrew Lucas, and demand a trial by jury on all issues.

_____
**HUGO E. MARTZ**
Attorney No. 9066-64
**MARTZ, CLYMER & LUCAS**
McMahan Center
Six North Michigan Avenue
Valparaiso, Indiana 46383
Telephone: (219) 462-1529
Attorney for Plaintiff

_____
**ANDREW LUCAS**
Attorney No. 27935-64
**MARTZ, CLYMER & LUCAS**
McMahan Center
Six North Michigan Avenue
Valparaiso, Indiana 46383
Telephone: (219) 462-1529
Attorney for Plaintiff