UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROBERT KICINSKI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 2:09cv321 |
|  | ) |  |
| ALVERNO CLINICAL LABORATORIES, LLC, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

This matter is before the court on a "Motion to Dismiss Portions of Plaintiff's Complaint", filed by the defendant, Alverno Clinical Laboratories, LLC ("Alverno"), on October 21, 2009. The plaintiff, Robert Kicinski ("Kicinski"), filed his response on October 30, 2009, to which Alverno replied on November 5, 2009.

For the following reasons, the motion to dismiss will be granted.

Discussion

Kicinski is a former employee of Alverno. Kicinski filed a claim with the EEOC claiming that he was terminated from Alverno due to a disability (hearing impairment) and his age (57 years old). Kicinski's Charge of Discrimination, which he filled out without the benefit of counsel, reads as follows:

> I am 58 years of age and am a qualified individual with a disability. I was employed as a Phlebotomist with Alvernol [sic] Clinical Laboratories at St. Anthony Medical Center in Michigan City, IN. When I received my evaluation in August 2008, I was marked down in the area of communication skills. As a result of my evaluation, I was only granted a 1% pay increase. I requested a re-evaluation to take into account problems my disability caused with communication skills, but I was never re-evaluated. On September 12, 2008, I was informed that I was being terminated

> for a policy violation because I had accessed patient records while
> not on duty. I did this before my shift to help compensate for
> difficulties I would encounter due to my disability. Co-worker
> Kimberly Spangler (approximately 25 years of age) had violated
> the HIPAA privacy rule in 2008, but she was not terminated.
>
> I believe that I have been discriminated against on the basis of my
> disability in violation of the Americans with Disabilities Act of
> 1990, and/or on the basis of my age, 57 years at the time of the
> action, in violation of the Age Discrimination in Employment Act.

Alverno points out that in his Complaint filed in this court, Kicinski (now represented by counsel) has added new claims under the ADA, asserting that he was harassed due to his disability and that he was denied a reasonable accommodation in the form of a headset to help him hear on the phone. Alverno argues that Kicinski's claims of harassment and failure to accommodate exceed the scope of the EEOC Charge and must be dismissed.

The law is clear that a plaintiff generally can only bring those allegations into federal court that he included in his administrative charge of discrimination. Gawley v. Indiana University, 276 F.3d 301, 313 (7th Cir. 2001). At a minimum, "the EEOC charge and the complaint must ... describe the same conduct and implicate the same individuals." Gawley, 276 F.3d at 313. The purpose of this requirement is to give the defendant-employer notice of the complaining party's allegations of wrongdoing and for the EEOC and the employer to conciliate those complaints. Gawley, 276 F.3d at 313-14. To determine whether a plaintiff's federal complaint allegations are within the scope of his administrative charge, the court determines whether it "is like or reasonably related to the allegations of the charge and growing out of such allegations." Gawley, 276 F.3d at 314.

The Seventh Circuit Court of Appeals has held that failure to accommodate claims are "separate and distinct under the ADA from one of disparate treatment because of disability."

Green v. National Steel Corp., 197 F.3d 897, 898 (7th Cir. 1999). As such, the discriminatory discharge and failure to accommodate claims "are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." Id. Similarly, it has been held that claims like harassment and retaliation under the ADA "exceed the scope of [Plaintiff's] EEOC charge, which alleged only failure to accommodate and wrongful discharge." Ulatowski v. John Sterling Corp., 2005 WL 88971 at *7 (N.D. Ill. Jan. 10, 2005).

Kicinski, in response, argues that his EEOC charge is reasonably related to his Complaint and that the allegations in his Complaint grew out of the allegations he made to the EEOC. Kicinski claims that Alverno offered the EEOC defenses to a failure to accommodate claim in its EEOC response, which he claims proves the failure to accommodate claim grew out of the EEOC charge and also proves that Alverno was on notice of the claim. Kicinski asserts that Alverno's behavior constituted a pattern of discriminatory conduct, including failure to accommodate, which Kicinski claimed and laid out in his charge to the EEOC. Kicinski argues that his request to be re-evaluated based on his disability constitutes a claim of discrimination and a claim of failure to accommodate. Kicinski also claims that he "lays out how he was fired for using an accommodation to his disability." Kicinski further states that notes taken by an EEOC investigator "details how harassing comments were made about his disability by the Defendant's employees."

Alverno, in reply, summarizes Kicinski's failure to accommodate claims as follows: (1) Alverno allegedly removed the headset it had purchased for Kicinski to aid him in hearing; (2) Alverno failed to open up dialogue to discuss whether his hearing loss was considered when

3

reprimanding him for poor work performance; (3) that he had asked for a re-evaluation on his performance review, but this was denied; and (4) that Kicinski had accessed medical records from home as a self-appointed accommodation but that Alverno discharged him for doing this.

Alverno then correctly notes that none of these claims were made in Kicinski's charge of discrimination as a claim of failure to accommodate. Nor did the EEOC investigate these four claims. With respect to the headset, the EEOC documents show that Kicinski informed the EEOC that he had purchased a headset and that Alverno reimbursed him for that item. As Alverno argues, the EEOC was not going to investigate a claim of failure to accommodate when the accommodation was in fact made.

With respect to the alleged failure to open a dialogue to determine if Alverno had considered his hearing loss when reprimanding him for his poor work performance, Alverno argues that such a claim is simply not framed in the charge as a failure to accommodate claim but, rather, is offered as support of the discriminatory discharge claim. Likewise, the third alleged failure to accommodate, the contention that Kicinski asked for a re-evaluation of his performance review but was denied, does not support a failure to accommodate claim as it does not allege any requested accommodation but, again, only supports the discriminatory discharge claim. A review of the EEOC's charge detail inquiry report (attached to Kicinski's brief) shows that the agency was not proceeding on any sort of failure to accommodate claim.

Lastly, Kicinski states that he accessed medical records from home and was terminated for doing so, and that this supports his position that he listed a failure to accommodate claim in his EEOC charge. As Alverno notes, however, such a claim is not in the charge and the factual allegations actually give rise to Kicinski's claim of discriminatory discharge, which claim has

4

not been challenged in this motion.

With respect to Kicinski's assertion that he set forth a claim of harassment in his EEOC charge because he "detailed to the EEOC how he was subject to harassing communications", Alverno points out that the EEOC's Charge Detail Inquiry report does not support this.  Rather, all the report shows is that Kicinski told the EEOC that someone told him to get a new hearing aid and someone else told him to turn his hearing aid up so he could hear better.  (See  Pl. Exh. A, EEOC Charge Detail Inquiry, pp.  4-5.)   This court agrees with Alverno that Kicinski has not shown that he brought a claim of harassment to the EEOC or that the EEOC investigated such a claim.

As it is clear that Kicinski's EEOC charge did not describe any alleged harassment or acts where Alverno failed to accommodate his alleged disability, the court will grant Alverno's motion to dismiss portions of Kicinski's complaint.

## Conclusion

On the basis of the foregoing, Alverno's Motion to Dismiss Portions of Plaintiff's Complaint [DE 6] is hereby GRANTED.  Kicinski's claims of harassment and failure to accommodate are hereby DISMISSED.

Entered: December 1, 2009.

s/ William C.  Lee
William C. Lee, Judge
United States District Court
